SUPPLEMENTAL OPINION AND JOURNAL ENTRY (APPLICATION FOR RECONSIDERATION)
{¶ 1} On December 28, 2004, plaintiff-appellee Agnes Snyder filed an application for reconsideration of our opinion rendered in the above captioned case that was issued on December 23, 3004. In the application, Agnes asserts that this court failed to consider the division of property order that was filed with the trial court. She specifically asserts that paragraphs 21-23 of this court's opinion are incorrect. Thus, Agnes contends that reconsideration is warranted.
 {¶ 2} Third-Party defendant-appellant OPERS filed a memorandum in opposition to the application for reopening on January 6, 2005. In that motion, OPERS agrees with appellee that this court failed to consider the division of property order that was filed with the trial court. However, they assert that even if it was considered, the outcome of our decision would not change. Accordingly, OPERS contends reconsideration is not warranted.
 {¶ 3} We agree with OPERS. In paragraph 23 of the opinion, we stated that the parties did not comply with R.C. 3105.80 et seq. In making this statement, we failed to consider the division of property order that was filed with the trial court and was properly part of the record. Thus, paragraph 23 of the opinion is in error. Accordingly, we take this opportunity to correct that mistake. The parties did comply with R.C.3105.80 et seq. and properly named Agnes as an alternate payee.
 {¶ 4} However, this does not change the final decision reached by this court. R.C. 3105.86, which is encompassed in the property division filed on March 27, 2002, states that, "an alternate payee's rights under an order described in section 3105.81 of the Revised Code shall terminate on the earlier of the following: (A) the death of the participant: * * *." Since Joseph, the participant died, Agnes' rights as the alternate payee ceased upon his death and thus R.C. 145.45(C)(1), governing benefits upon the death of a plan participant, applies. Any benefit which would have been paid to Agnes upon the retirement of Joseph was terminated by law upon his death. The statute is clear that the benefits are to be paid to the surviving children, not an ex-spouse.
 {¶ 5} Accordingly, paragraph 23 of this court's opinion should read as follows:
 {¶ 6} "The original divorce decree was issued on January 3, 2002. The Nunc Pro Tunc divorce decree was issued on March 21, 2002. The division of property judgment entery naming Agnes as the alternate payee was issued on March 27, 2002. In this order, the parties complied with R.C.3105.80 et seq. However, as is stated in this property division order and by statute, R.C. 3105.86, Agnes' right as an alternate payee would cease upon Joseph's death. Since Joseph died, Agnes' right as an alternate payee ceased. Accordingly, the dictates of R.C. 145.45 apply and we are left to determine whether the principles of equity should apply to R.C. 145.45."
 {¶ 7} Paragraphs 21 and 22 are a verbatim recitation of a statute and a reference to another statute. Those paragraphs do not warrant modification.
 {¶ 8} For the foregoing reasons, the motion for reconsideration is denied. However, this court's Opinion issued on December 23, 2004 is modified accordingly. DeGenaro, J., concurs; see concurring opinion.
Vukovich, J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs; see concurring opinion.